J-S44006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS LEE MALONE | |
| Appellant | No. 1033 WDA 2014 |

Appeal from the Judgment of Sentence May 9, 2014
in the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000450-2013

BEFORE: LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED SEPTEMBER 16, 2015**

Appellant Nicholas Lee Malone appeals from the judgment of sentence entered in the Bedford County Court of Common Pleas following his jury trial conviction for burglary,[1] criminal conspiracy to commit burglary,[2] criminal trespass,[3] criminal conspiracy to commit criminal trespass,[4] receiving stolen property,[5] and theft by unlawful taking.[6] We affirm.

---

[1] 18 Pa.C.S. § 3502(a)(2).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 3503(a)(1)(ii).

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 3925(a).

[6] 18 Pa.C.S. § 3921(a).

On April 1, 2013, Appellant and his girlfriend broke into a home in Schellsburg, Napier Township, Bedford County, stole items from the home, traveled to Harrisburg, and then traded the stolen items for heroin. On March 14, 2014, Appellant was tried and convicted by a jury as stated, *supra*. On May 9, 2014, the trial court sentenced Appellant to an aggregate of 7 to 20 years of imprisonment. Appellant filed post-sentence motions that the trial court denied on May 22, 2014. On June 23, 2014, Appellant timely appealed.[7] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court erred and abused its discretion when it denied Appellant's motion *in limine* seeking the preclusion of the introduction of crimen falsi evidence pertaining to Appellant?

2. Whether the trial court erred and abused its [discretion] when it denied Appellant's motion *in limine* seeking the preclusion of the introduction of evidence pertaining to the heroin addiction of Appellant and his alleged co-conspirator?

3. Whether the trial court erred and abused its discretion when it denied Appellant's motion *in limine* seeking the preclusion of the use of a copy of Appellant's recorded statement as it was not the original as required by Pa.R.E. 1002 which calls into question its authenticity pursuant to Pa.R.E. 1003?

4. Whether the trial court erred and abused its discretion when it denied Appellant's timely filed post-sentence motions without a hearing?

_____

[7] The 30th day technically fell on June 22, 2014, a Sunday. Accordingly, Appellant had until the next business day, Monday, June 23, 2014, to timely file his notice of appeal. *See* Pa.R.Crim.P. 720(A)(2); 1 Pa.C.S. § 1908.

5. Whether the trial court erred and abused its discretion when it imposed an excessive sentence of an aggregate term of imprisonment of not less than seven (7) years nor more than twenty (20) years in light of all factors presented at the sentencing hearing?

6. Whether the trial court erred and abused its discretion when it denied Appellant's timely filed post-sentence motion challenging the sufficiency and weight of the evidence utilized by the jury to convict Appellant of all counts of the information?

7. Whether the trial court erred and abused its discretion when it failed to merge the sentences imposed for the offenses of burglary and criminal trespass?

Appellant's Brief, p. 7-8 (all capitals omitted).

## A. **Evidentiary Claims**

Appellant's first three issues concern trial court evidentiary rulings. Appellant argues the trial court erred in denying his motions *in limine* requesting the Commonwealth be precluded from introducing into evidence (1) his previous *crimen falsi* convictions, (2) his heroin addiction, and (3) a copy of his recorded statement. **See** Appellant's Brief, pp. 12-19. Appellant is incorrect.

In reviewing the grant or denial of motions *in limine*, this Court applies an abuse of discretion standard of review. **Commonwealth v. Stokes**, 78 A.3d 644, 654 (Pa.Super.2013). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality,

prejudice, bias or ill-will." ***Commonwealth v. Alicia***, 92 A.3d 753, 760 (Pa.2014).

This Court has stated the well-established standard of review for admission of evidence claims as follows:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus, [this Court's] standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa.Super.2012).

1. *Appellant's crimen falsi convictions*.

First, Appellant claims the trial court erred in ruling that, if Appellant testified, the Commonwealth could introduce his *crimen falsi* convictions as impeachment. This claim lacks merit.

Regarding the admission of *crimen falsi* convictions, the Pennsylvania Rules of Evidence provide, in relevant part, as follows:

> **Impeachment by Evidence of a Criminal Conviction**
>
> **(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.
>
> (**b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.E. 609.

Here, Appellant had prior convictions for burglary and retail theft, both *crimen falsi* crimes. **See Commonwealth v. Harris**, 884 A.2d 920, 925 (Pa.Super.2005) (burglary considered *crimen falsi* conviction admissible for impeachment purposes); **Commonwealth v. Howard**, 823 A.2d 911, 913 (Pa.Super.2003) (retail theft is a *crimen falsi* conviction admissible for impeachment purposes). Further, the convictions were under 10 years old. Therefore, these crimes fell squarely within the ambit of Pa.R.E. 609, and the trial court neither erred nor abused its discretion in ruling that the Commonwealth would be allowed to introduce them for impeachment purposes, if Appellant chose to testify.[8]

2. *Evidence pertaining to Appellant's heroin addiction*.

Next, Appellant claimed the trial court erred in permitting the Commonwealth to elicit evidence pertaining to his heroin addiction. This claim also lacks merit.

In pertinent part, Pennsylvania Rule of Evidence 404 provides as follows:

_____

[8] Appellant did not testify at trial.

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving **motive**, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b) (emphasis provided).

Here, Appellant's co-defendant – his girlfriend at the time they committed the crimes – testified that she and Appellant perpetrated the burglary to support their heroin addictions. The trial court allowed the Commonwealth to introduce this evidence to explain Appellant's motive to commit the crime.[9] The trial court explained as follows:

[T]he probative value of the evidence [regarding Appellant's heroin addiction] outweighed any potential prejudicial effect, especially since the proffered evidence was not necessarily a criminal act directly related to the charges for which [Appellant] was on trial. This case involved a seemingly random burglary in a rural area with no indication of a relationship between the

_____

[9] We note that the trial court also determined that, given the nature of the evidence, the few days' notice the Commonwealth provided Appellant of its intent to introduce evidence regarding Appellant's heroin addiction was sufficient. *See* 1925(a) Opinion, p. 2.

- 6 -

victim and the perpetrator. Therefore, we found evidence regarding motive to be of particular probative value in this case. And, we found the probative value to far outweigh the slim possibility of a jury convicting [Appellant] of [b]urglary due solely to a drug addiction.

Trial Court Pa.R.A.P. 1925(a) Opinion ("1925(a) Opinion"), pp. 2-3. The trial court further instructed the jury to consider this evidence only for the purpose of motive. **See** N.T. 3/14/2014, pp. 260-61.[10]

_____

[10] The trial court instructed the jury as follows:

> You have heard evidence tending to prove that [Appellant] used controlled substances, and specifically heroin. Now this is the conduct for which he is not on trial here today. Particularly, I am speaking of the testimony of Lakyn Checkeye. Now, this evidence is before you for a limited purpose. And that is for the purpose of tending to show motive to commit the crimes that of, for which he is on trial. This evidence must not be considered by you in any way other than for the purpose I just stated. Again, the own [sic] purpose that you may consider this evidence is to show motive to commit the crimes of which he is charged in this trial.

> You must not regard this evidence as showing that [Appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt. In other words, you cannot use the fact that if you -- if you believe Lakyn Checkeye's testimony regarding that issue, you must not believe that testimony about [Appellant] using controlled substances as evidence that he actually committed the [b]urglaries [sic] or convict him of that just because he used controlled substances. You can only use that to see if you find that there was motive to commit the actual crimes that are charged in this case.

N.T. 3/14/2014, pp. 260-61.

We discern no abuse of discretion in the trial court's admission of the heroin addiction evidence. We agree with the trial court that the Commonwealth provided ample notice of its intent to introduce this evidence. We further conclude that the trial court properly instructed the jury regarding its consideration of the heroin addiction evidence. Accordingly, Appellant's heroin addiction evidentiary claim fails.

3. *Appellant's recorded statement*.

Thirdly, Appellant claims the trial court erred in admitting into evidence a duplicate recording of Appellant's confession. Again, Appellant's claim lacks merit.

The "best evidence rule" requires the production of the original of a writing, recording, or photograph to prove its contents. *See* Pa.R.E. 1002.[11] However, Pennsylvania's Rules of Evidence expressly provide for the admission of duplicates as follows:

> **Rule 1003. Admissibility of Duplicates**
>
> A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's

_____

[11] Rule 1002 states:

**Rule 1002. Requirement of the Original**

An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise.

Pa.R.E. 1002.

- 8 -

authenticity or the circumstances make it unfair to admit the duplicate.

Pa.R.E. 1003. Further, this Court has explained the limits of the best evidence rule as follows:

> The "best evidence" rule, now established in Pa.R.E. 1002, limits the method of proving the terms of a writing to the presentation of the original writing, where the terms of the instrument are material to the issue at hand, unless the original is shown to be unavailable through no fault of the proponent. The rule applies to the proof of the contents of documents when the contents of those documents are material to, rather than mere evidence of, the issues at bar. Beyond that, the evidentiary ruling of the trial court allowing "secondary evidence" should not be reversed except for a grave abuse of discretion[.]

***Commonwealth v. Townsend***, 747 A.2d 376, 379-80 (Pa.Super.2000) (internal citations and some quotation marks omitted).

Here, police originally digitally recorded Appellant's confession, then emailed the digital file, then transferred the file to the CD admitted into evidence at trial. As the trial court explained:

> [T]he best evidence rule is not applicable here. . . . Here, the actual tape recording [of Appellant's confession] was not essential to proving any of the criminal charges. Rather, the taped confession was supplemental evidence tending to show [Appellant's] guilt. The best evidence rule is therefore inapplicable to the tape recording, and the Commonwealth needed only to authenticate the copy for admission, which it did.

1925(a) Opinion, p. 3.

Again, we discern no abuse of discretion in the trial court's admission of this evidence. We agree with the trial court that the best evidence rule is inapplicable to this recording. We further agree that the Commonwealth

- 9 -

sufficiently authenticated the recording.[12]  Accordingly, this evidentiary claim also fails.

## B. **Post-Sentence Motion Claims**

Appellant's fourth and sixth claims concern the trial court's disposition of his post-sentence motion.  **See** Appellant's Brief, pp. 19-20, 23-25. Appellant claims, first, that the trial court erred in denying his post-sentence motion without a hearing, and, second, that the trial court erred in denying his post-sentence motion on the merits.  **See id.**  These claims lack merit.

1. *Denial of the post-sentence motion without a hearing*.

Appellant's post-sentence motion requested reconsideration and/or modification of his sentence.  Regarding such optional post-sentence motions, the Pennsylvania Rules of Criminal Procedure require the trial court to "determine whether a hearing or argument on the motion is required, and if so, [] schedule a date or dates certain for one or both."  Pa.R.Crim.P. 720(B)(2)(b).  "There is no requirement that oral argument be heard on every post-sentence motion."  Pa.R.Crim.P. 720, Comment.

Here, Appellant filed a timely post-sentence motion.  The trial court reviewed the motion, determined a hearing was not required, and denied the

---

[12] We further note that the trial record supports the trial court's observation that, "other than bald assertions unsupported by any testimony, [Appellant] failed to raise any specific objections to the authenticity of the tape recording."  1925(a) Opinion, p. 3.

motion. The trial court acted within its power and discretion in denying the motion without a hearing. Pa.R.Crim.P. 720(B)(2)(b). Appellant's suggestion that the trial court was required to schedule a hearing or argument on his post-sentence motion lacks merit.

2. *The post-sentence motion's weight and sufficiency of the evidence claims lack merit*.

Appellant also claims the trial court erred in denying his post-sentence motion on the merits. **See** Appellant's Brief, pp. 24-25. Appellant is incorrect.

To the extent Appellant's post-sentence motion raised claims regarding the sufficiency and weight of the evidence,[13] Appellant effectively requested

_____

[13] Appellant's post-sentence motion reads, in its entirety:

**POST SENTENCE MOTION**

And now, comes Defendant, by and through the Public Defender's Office, and respectfully moves this Court to grant the following relief:

**Motion for Reconsideration and/or Modification of Sentence:**

1. Defendant was sentenced by this Honorable Court on or about May 9, 2014, to an aggregate term of not less than seven (7) years or more than twenty (20) years to be served in a state correctional institution.

2. Defendant challenges the sufficiency and weight of the evidence used to convict him of the offenses in which he was charged.

*(Footnote Continued Next Page)*

the trial court grant him a post-sentence judgment of acquittal. "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Foster**, 33 A.3d 632, 635 (Pa.Super.2011) (citation omitted).

> The Crimes Code defines burglary, in relevant part, as follows:
>
> **(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> . . .

*(Footnote Continued)* _____

> 3. Defendant believes that the sentence was excessive in light of all the factors presented.
>
> 4. Defendant believes this Honorable Court erred in failing to merge the sentences of Burglary and Criminal Trespass.
>
> **WHEREFORE**, Defendant respectfully requests this Honorable Court to enter an Order consistent with that herein above set forth.

Appellant's Post-Sentence Motion, May 19, 2014, p. 1.

We note that the plain text of this post-sentence motion indicates it is a motion for reconsideration or modification of sentence. To the extent the post-sentence motion mentions weight and sufficiency of the evidence, Appellant wholly failed to state with specificity or otherwise develop these alleged "challenges". **See** Appellant's Post-Sentence Motion. Therefore, only with the greatest of difficulty and/or the most lenient of standards would we find such a motion adequately raised either a weight or sufficiency of the evidence claim for post-sentence motion purposes. However, because Appellant is clearly not entitled to relief on these claims, we will address them as though they were properly raised.

(2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present[.]

18 Pa.C.S. § 3502(a)(2).   The Crimes Code further defines "occupied structure" as "[a]ny structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present."  18 Pa.C.S. § 3501.

The Crimes Code defines criminal trespass, in relevant part, thusly:

**(a) Buildings and occupied structures.--**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

. . .

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S. § 3503.

The Crimes Code defines the crime of receiving stolen property as follows:

**(a) Offense defined.**--A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a).

Regarding theft by unlawful taking, the Crimes Code provides, in pertinent part:

- 13 -

> **(a) Movable property.**--A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S. § 3921(a).

Finally, the crime of criminal conspiracy implicates the following principles. "The material elements of conspiracy are: (1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." ***Commonwealth v. Gross***, 101 A.3d 28, 34 (Pa.2014) (internal quotations and citation omitted); ***see also*** 18 Pa.C.S. § 903. The overt act necessary to establish criminal conspiracy need not be committed by the defendant; it need only be committed by a co-conspirator. ***Commonwealth v. McCall***, 911 A.2d 992, 996 (Pa.Super.2006).

Further, this Court has explained the agreement/intent elements of conspiracy as follows:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.

*McCall*, 911 A.2d at 996-97.   The factors of the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode, "may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail."   *Commonwealth v. Bricker*, 882 A.2d 1008, 1017 (Pa.Super.2005).

Here, the Commonwealth's evidence against Appellant consisted, *inter alia*, of the detailed testimony of his co-conspirator[14] and Appellant's own recorded confession to the crimes.   This evidence sufficiently established the elements of all charged crimes.   Accordingly, the trial court properly denied Appellant's request for a judgment of acquittal.[15]

## C. Sentencing Claims

Appellant's fifth and seventh claims concern the sentence imposed by the trial court.   *See* Appellant's Brief, pp. 20-23, 25-27.   Appellant's fifth claim challenges the discretionary aspects of his sentence; his seventh claim

---

[14] The co-conspirator – Appellant's girlfriend at the time of the crimes – was an eyewitness to, and participant in, the crimes.

[15] Appellant's weight of the evidence claim merits no discussion.  This claim fails for the simple reason that, aside from cross-examination, Appellant proffered no contrary testimony or evidence against which to weigh the Commonwealth's evidence.  To the extent Appellant claims the testimony of the Commonwealth's witnesses was unbelievable, we defer to the jury's credibility determinations.  *Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa.Super.2014) ("[T]he [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.").

argues the trial court improperly declined to merge his burglary and criminal trespass convictions for sentencing purposes. ***See id.*** Neither claim affords Appellant relief.

1. *The discretionary aspects of sentence claim*.

Appellant claims the trial court imposed an excessive sentence by failing to consider his drug use and rehabilitative needs. ***See*** Appellant's Brief, pp. 20-23. This claim raises a challenge to the discretionary aspects of the Appellant's sentence.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Allen***, 24 A.3d at 1064. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Fiascki***, 886 A.2d 261, 263 (Pa.Super.2005). "Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the

sentencing process." ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa.Super.2003).

Here, Appellant filed a timely notice of appeal, and preserved his issues in a motion for reconsideration of sentence. However, despite his contention to the contrary,[16] Appellant's brief does not include a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[17] ***See*** Appellant's Brief, p. 21. This technical noncompliance would be a fatal defect had the Commonwealth objected in its brief. ***See, e.g., Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa.Super.2012) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not

---

[16] Appellant claims his brief includes a Rule 2119(f) statement, and the brief's index includes a notation that the statement pursuant to Pa.R.A.P. 2119(f) appears on page 13. ***See*** Appellant's Brief, pp. 2, 21. Appellant's brief, however, includes no Pa.R.A.P. 2119(f) statement. Page 13 of Appellant's brief is the second page of his argument that the trial court improperly ruled that the Commonwealth could introduce his *crimen falsi* convictions, if he chose to testify.

[17] In pertinent part, Rule 2119 provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for the allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

review the claim."); *see also Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa.Super.2009) ("[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence."); *Commonwealth v. Tuladziecki,* 522 A.2d 17 (Pa.1987) (failure to comply with procedural requirements for review of discretionary aspects of sentence claims is fatal to claim). However, because the Commonwealth did not object in its brief,[18] we may overlook the omission of a Pa.R.A.P. 2119(f) statement and reach the merits of Appellant's issue. *See Commonwealth v. Gould*, 912 A.2d 869, 872 (*quoting Commonwealth v. Bonds,* 890 A.2d 414, 418 (Pa.Super.2005) ("[i]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)") (internal brackets omitted). Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. Pa.R.A.P. 2119(f); *Tuladziecki*, *supra*.

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v.*

---

[18] *See* Commonwealth's Brief, pp. 15-18.

*Christine*, 78 A.3d 1, 10 (Pa.Super.2013) *(internal citations omitted)*; *see also* 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Id.* "[A] claim of excessiveness that is raised against a sentence within the statutory limits fails to raise a substantial question as a matter of law." *Commonwealth v. Mouzon*, 812 A.2d 617, 623 (Pa.2002). However, "a substantial question exists when a sentencing court imposed a sentence *in the aggravated range* [of the Sentencing Guidelines] without considering mitigating factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 n.12 (Pa.Super.2010) (*citing Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super.2003)) (emphasis in original).

Here, Appellant alleges that the trial court imposed an unreasonable sentence because it imposed an aggravated range sentence and failed to properly consider certain alleged mitigating factors. *See* Appellant's Brief, pp. 20-23. Accordingly, Appellant raises a substantial question for review. *See Rhoades*, *supra*. However, Appellant's claim fails on the merits.

We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. *See generally* N.T. 5/9/2014. The trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b). *Id.* The trial court considered the presentence investigative report,[19] Appellant's criminal background, the circumstances of the crimes, the sentencing guidelines,[20] Appellant's allocution, his lack of remorse, the arguments of counsel, and Appellant's drug addiction and rehabilitative needs – the very mitigating factors Appellant alleged the trial court ignored. *See* N.T., 7/1/2014, pp. 4-13. Accordingly, Appellant's excessiveness claim fails on the merits.

---

[19] We note that, where a sentencing court had the benefit of a presentence investigation report, we can assume the sentencing court was aware of relevant information contained therein and weighed that information along with any mitigating factors. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super.2010).

[20] The Commonwealth argued, and the trial court noted, that the sentencing guidelines employed in sentencing were low in that they did not take into account all of Appellant's applicable convictions. *See* N.T. 5/9/2014, p. 10. To the extent the trial court's sentencing of Appellant based on incorrect guidelines represents error, we find such error harmless because it created a downward departure from the correct guidelines.

2. *The merger claim*.

Finally, Appellant argues the trial court should have merged his burglary and criminal trespass convictions for sentencing purposes. ***See*** Appellant's Brief, pp. 25-27. Appellant is incorrect.

A claim that a trial court should have merged convictions for sentencing purposes raises a challenge to the legality of the sentence. ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa.Super.2012). Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

Pennsylvania's Sentencing Code governs merger and provides, in pertinent part:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.

42 Pa.C.S. § 9765. "[A] plain reading of § 9765 reveals the General Assembly's intent that crimes with different statutory elements be punished separately." ***Commonwealth v. Taggart***, 997 A.2d 1189, 1200 (Pa.Super.2010) (quoting ***Commonwealth v. Baldwin***, 985 A.2d 830, 831 (Pa.2009)). Thus, "the current state of merger law in Pennsylvania makes clear there is no merger if each offense requires proof of an element the other does not." ***Quintua***, 56 A.3d at 401.

In **Quintua**, **supra**, a panel of this Court addressed the question of whether burglary and criminal trespass merge for sentencing purposes. The Court ruled these crimes do not merge, noting:

> The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge.

**Quintua**, 56 A.3d at 402.

Appellant concedes the current state of Pennsylvania law is that burglary and criminal trespass do not merge for sentencing purposes, but urges this Court to reconsider the holding of **Quintua**. **See** Appellant's Brief, p. 26. This we may not do. **Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa.Super.2013) (noting that one panel of the Superior Court is not empowered to overrule another panel of the Superior Court). Accordingly, Appellant's sentencing merger claim fails.

For the preceding reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2015