J-S63009-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDRE MURRAY, | : | |
| | : | |
| Appellant | : | No. 3512 EDA 2014 |

Appeal from the PCRA Order November 3, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0011666-2008

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 04, 2015**

Appellant, Andre Murray ("Murray"), appeals pro se from the order entered on November 3, 2014 by the Court of Common Pleas of Philadelphia County, Criminal Division, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the relevant facts of this case as follows:

> On May 27, 2008, at about 4:00 p.m., Dana Treadwell, his wife, two of his children, and two of his step-nieces were walking near the area of 18th and Gerritt Streets in Philadelphia when they were nearly hit by a "greenish gray" car later described by Treadwell as either a 2005 Chevy Malibu or a 2004 Mitsubishi Gallant.  Treadwell then got into a heated argument with the driver of the car, codefendant Rayti Myers, who he recognized from the neighborhood.  The passenger of the car joined the argument and Treadwell was told to wait there until they returned.  The car drove away and Treadwell walked his family home.

After being at his house for about three minutes, Treadwell walked to a corner store at 18th and Reed Streets, which is one block north of 18th and Gerritt Streets. As Treadwell approached that intersection, he looked across a vacant lot and saw Myers driving the same car in his direction. The car eventually pulled over near where Treadwell was standing and Treadwell heard Myers say, "there he goes, get him," whereupon [Murray] fired several shots at Treadwell. Treadwell hid behind a van, but was shot once in the elbow before the car drove away.

After a few minutes, Treadwell ran home and asked a neighbor to call the police. The police took Treadwell to the hospital where he was treated for a gunshot wound and discharged that same night. Treadwell's gunshot wound required surgery and left Treadwell unable to perform his job as a trash collector for several months.

Trial Court Opinion, 8/31/10, at 2-4 (record citations and footnote omitted).

The PCRA court further provided the following procedural history for this case:

On November 17, 2009, [Murray] was convicted of attempted murder (18 Pa.C.S. §§ 901(a), 2502), aggravated assault (18 Pa.C.S. § 2702(a)(1)), criminal conspiracy (18 Pa.C.S. § 903(a)), and possessing an instrument of crime (18 Pa.C.S. § 907(a)). On February 17, 2010, the [c]ourt imposed a sentence of twenty to forty years [of] incarceration on the charge of attempted murder and a concurrent sentence of one to two years [of] incarceration on the charge of possessing an instrument of crime. Due to merger, no judgment was entered on the conviction for aggravated assault, and due to the statutory prohibition against multiple convictions of inchoate crimes (18 Pa.C.S. § 906), no judgment was entered on the conviction for criminal conspiracy. The [c]ourt denied [Murray]'s post-sentence motions on March 26, 2010.

[Murray]'s sentence was affirmed by the Superior Court on November 21, 2011. The Pennsylvania Supreme Court denied [Murray]'s petition for allowance of appeal on August 15, 2012. [Murray] was represented at trial and on appeal by Troy H. Wilson, Esquire [("Trial/Appellate Counsel")]. [Murray] subsequently filed a pro se [PCRA petition] on July 26, 2013. Janis Smarro, Esquire [("PCRA Counsel")] was appointed to represent [Murray] on January 18, 2014.

On July 28, 2014, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), [PCRA Counsel] filed a letter stating there was no merit to [Murray]'s claims for collateral relief. On September 16, 2014, the [c]ourt issued notice pursuant to Pa.R.Crim.P. 907 [] of its intent to dismiss [Murray]'s PCRA [p]etition without an evidentiary hearing. [Murray] filed a pleading entitled "In Response to the Letter of No-Merit …" [] on September 26, 2014. [PCRA Counsel] filed a [r]eply to [Murray's] [r]esponse to [l]etter of [n]o-[m]erit [] on October 7, 2014. On November 3, 2014, the [c]ourt formally dismissed [Murray]'s PCRA [p]etition and granted [PCRA Counsel]'s motion to withdraw her appearance.

PCRA Court Opinion, 2/20/15, at 1-2 (record citations omitted).

On December 1, 2014, Murray filed a timely pro se notice of appeal.

On appeal, Murray raises the following issues for our review and determination:

(1) Whether [Trial/Appellate Counsel] denied [Murray] the [r]ight to [c]ounsel and the [r]ight to [e]ffective [a]ssistance of [c]ounsel, where [Trial/Appellate Counsel] "entirely fails to subject the prosecution's case to meaningful adversarial testing" during critical stages of his representation, and where the [trial court] invited [Trial/Appellate

- 3 -

Counsel] to submit a written request for curative instruction, and no instruction was submitted[?]

(2) Whether there was constructive denied [sic] of counsel where [a]ttorney-[c]lient [r]elationship was so poor, [Trial/Appellate Counsel] was unable to prepare for trial or penalty phase (sentencing)[?]

(3) Did [Trial/Appellate Counsel], exhibit lack of knowledge as to the legal issues involved in the case, where he fail [sic] to raise any arguable issues in the appellate brief depriving [Murray] of effective assistance of counsel on appeal which created prejudice and the presumption of prejudice[?]

(4) Whether [PCRA Counsel] was ineffective for failing to raise [Trial/Appellate Counsel]'s ineffectiveness and fail[ing] to properly investigate [his] deficient representation[?]

(5) Did the [sentencing court err] when it merged [a]ggravated [a]ssault and [a]ttempted [m]urder of the [f]irst [d]egree when both crimes require a different specific intent to bring different specific result, because [l]esser [i]ncluded [o]ffense [sic] cannot be higher-graded felonies than crimes in which they are supposedly included[?]

Murray's Brief at 4.

We begin by acknowledging that "[o]ur standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

For his first issue on appeal, Murray argues that Trial/Appellate Counsel denied him the right to counsel and the right to effective assistance of counsel, asserting that Trial/Appellate Counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing during critical stages of his representation[.]" Murray's Brief at 10 (quotations omitted). Murray contends that he was prejudiced by Trial/Appellate Counsel's failure to submit written curative instructions, after being invited to do so by the trial court, following inflammatory remarks made by the prosecutor during his opening statement. *See id.*

We conclude that Murray has waived his first issue on appeal. It is well settled that any PCRA claims not raised in a petitioner's pro se PCRA petition, in an amended petition, or in response to a PCRA court's Rule 907 notice are waived. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014). Here, Murray raises his first issue for the first time on appeal and consequently, has waived it. *See id.*; *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

For his second issue on appeal, Murray argues that he was constructively denied the effective assistance of counsel due to his poor attorney-client relationship with Trial/Appellate Counsel and because Trial/Appellate Counsel did not adequately prepare for trial. *See* Murray's Brief at 11-13. Murray complains that Trial/Appellate Counsel did not

sufficiently communicate with him regarding his defense strategy, pursue any alternative defense strategies than the one employed at trial, or investigate and substantiate any of the facts surrounding Murray's case. *See id.*

Like his first issue, we conclude that Murray has waived his second issue on appeal. Murray did not raise this issue in his pro se PCRA petition, in an amended petition, or in response to the PCRA court's Rule 907 notice to dismiss and raises it now for the first time on appeal. Accordingly, Murray has also waived his second issue on appeal. *See Rigg*, 84 A.3d at 1084-85; Pa.R.A.P. 302(a).

For his third issue on appeal, Murray argues that Trial/Appellate Counsel was ineffective because "he failed to raise any arguable issues in the [a]ppellate brief depriving [him] of effective assistance of counsel on appeal[,] which created prejudice and the presumption of prejudice." Murray's Brief at 13. Murray asserts that the memorandum deciding his direct appeal stated that all his arguments were without merit, which made the appeal "[f]rivolous and counsel ineffective." *Id.*

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish that: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or

- 6 -

failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Bomar**, 104 A.3d at 1188.

We conclude that the ineffective assistance of counsel claim underlying Murray's third issue is without arguable merit. Murray provides no explanation as to how Trial/Appellate Counsel was ineffective in handling his direct appeal or how Trial/Appellate Counsel's ineffectiveness resulted in prejudice to him. **See** Murray's Brief at 13-14. Murray essentially argues that Trial/Appellate Counsel was ineffective merely because Murray lost his direct appeal. **See id.** Although each of Murray's direct appeal claims failed, this alone does not prove that no reasonable basis existed for Trial/Appellate Counsel's actions or that Murray suffered prejudice because of Trial/Appellate Counsel's errors. "It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity." **Commonwealth v. Edwards**, 906 A.2d 1225, 1231 (Pa. Super. 2006) (quotations and citations omitted). While Murray does briefly reference this Court finding

some of the issues he raised in his direct appeal waived, this Court ultimately conducted a merits review of each of those issues despite Murray having waived them. **See Commonwealth v. Murray**, 1035 EDA 2010, at 6-16 (Pa. Super. Nov. 21, 2011) (unpublished memorandum). Accordingly, Murray's third issue does not entitle him to any relief.

For his fourth issue on appeal, Murray argues that PCRA Counsel was ineffective for failing to raise any issues relating to Trial/Appellate Counsel's ineffectiveness. **See** Murray's Brief at 14-16. Murray lists several perceived examples of Trial/Appellate Counsel's ineffectiveness that he contends PCRA Counsel should have raised, including, but not limited to: Trial/Appellate Counsel's failure to object to the prosecutor's opening statement, Trial/Appellate Counsel's lack of communication with Murray, and Trial/Appellate Counsel's failure to raise any arguable issues on appeal. **Id.** at 15.

We conclude that Murray has waived this issue on appeal. This Court has held "that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. **Commonwealth v. Ford**, 44 A.3d 1190, 1200 (Pa. Super. 2012). Thus, "when counsel files a **Turner/Finley** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss." **Id.** at 1198. Here, Murray did not raise the issue of PCRA Counsel's ineffectiveness in his

response to the PCRA court's Rule 907 notice. **See** Response to No-Merit Letter, 9/26/14. Instead, in his response to the PCRA court's Rule 907 notice, Murray merely claimed that the PCRA counsel was ineffective for filing a **Turner/Finley** letter. **See id.** at 4. Murray made no reference to any instances of Trial/Appellate Counsel's ineffectiveness that PCRA Counsel should have raised. **See id.** Therefore, Murray has waived his claim that PCRA Counsel was ineffective for failing to raise claims of Trial/Appellate Counsel's ineffectiveness on appeal.

For his final issue on appeal, Murray argues that the trial court erred in merging his aggravated assault and attempted murder convictions for purposes of sentencing. A claim involving the merger of convictions for purposes of sentencing is a challenge to the legality of the sentence and is therefore not waivable. **Commonwealth v. Quintua**, 56 A.3d 399, 400 (Pa. Super. 2012). "[O]ur standard of review is de novo and our scope of review is plenary." **Id.**

Section 9765 of the Pennsylvania Sentencing Code states the following regarding the merger of crimes for purposes of sentencing:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher[-]graded offense.

42 Pa.C.S.A. § 9765. Therefore, merger is appropriate only when two specific criteria are satisfied: (1) "all of the statutory elements of one of the offenses are included within the statutory elements of the other"; and (2) "the crimes arise from a single criminal act[.]" ***Commonwealth v. Jenkins***, 96 A.3d 1055, 1056 (Pa. Super. 2014), *appeal denied*, 104 A.3d 3 (Pa. 2014).

Here, Murray was convicted of attempted murder pursuant to sections 901(a)[1] (criminal attempt) and 2502(a)[2] (first-degree murder) of the Crimes Code and aggravated assault under section 2702(a)(1)[3] of the Crimes Code. ***See*** Docket, 2/23/15, at 5-6; PCRA Court Opinion, 2/20/15, at 1. In ***Commonwealth v. Anderson***, 650 A.2d 20 (Pa. Super. 1994), our Supreme Court determined that all of the statutory elements of aggravated assault, as defined under 18 Pa.C.S.A. § 2702(a)(1), are included within the statutory elements of attempted murder, as defined under 18 Pa.C.S.A. §§

---

[1] Section 901(a) of the Crimes Code defines criminal attempt as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a).

[2] Section 2502(a) of the Crimes Code provides: "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa.C.S.A. § 2502(a).

[3] Section 2702(a)(1) of the Crimes Code states that "a person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1).

901(a), 2502(a). **Anderson**, 650 A.2d at 20 n.1, 24. The Supreme Court explained:

> It is clear that the offense of aggravated assault is necessarily included within the offense of attempted murder; every element of aggravated assault is subsumed in the elements of attempted murder. The act necessary to establish the offense of attempted murder – a substantial step towards an intentional killing – includes, indeed, coincides with, the same act which was necessary to establish the offense of aggravated assault, namely, the infliction of serious bodily injury. Likewise, the intent necessary to establish the offense of attempted murder – specific intent to kill – is greater than and necessarily includes the intentional, knowing, or reckless infliction of serious bodily injury, the intent required for aggravated assault. It is tautologous that one cannot kill without inflicting serious bodily injury. 18 Pa.C.S. § 2301. Inasmuch as aggravated assault, the lesser offense, contains some, but not all the elements of the greater offense, attempted murder, the two offenses merge for purposes of sentencing.

**Id.** at 24. Accordingly, Murray's attempted murder and aggravated assault convictions satisfied the first criteria for merger.

Murray's attempted murder and aggravated assault convictions also satisfied the second criteria for merger, as they arose from a single criminal act. The Commonwealth indicated that Murray's attempted murder and aggravated assault charges stemmed from Murray firing several gunshots in Treadwell's direction, one of which hit Treadwell's elbow. **See** Affidavit of Probable Cause, 6/18/08, at 2-3. Indeed, the certified record reflects that this single act is lone occurrence in which Murray attempted to cause and

succeeded in causing bodily injury to Treadwell. *See* N.T., 11/12/09 (Vol. 1), at 66-71. Therefore, we conclude that the trial court did not err in merging Murray's attempted murder and aggravated assault convictions for purposes of sentencing.[4]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015

---

[4] We note that it is perplexing that Murray, a criminal defendant, would raise this issue. The merger of Murray's aggravated assault and attempted murder convictions for purposes of sentencing did not increase his sentence and likely served to benefit Murray by reducing his total sentence. *See* 42 Pa.C.S.A. § 9765 ("Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense."). Had we determined the trial court erred in merging his aggravated assault and attempted murder convictions and remanded for resentencing, the trial court could have potentially resentenced Murray on both his attempted murder and aggravated assault charges, as opposed to just his attempted murder charge, thereby potentially leading to an increase in his sentence.