J-S24044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL CASTRO-JIMENEZ | |
| Appellant | No. 1771 MDA 2015 |

Appeal from the Judgment of Sentence August 28, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000411-2015;
CP-36-CR-0005443-2014

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 12, 2016**

Appellant, Daniel Castro-Jimenez, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his open guilty plea to two (2) counts of burglary and one (1) count each of invasion of privacy, criminal trespass, simple assault, theft by unlawful taking or disposition, and theft of property lost, mislaid, or delivered by mistake.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On July 9, 2014, Appellant entered the home of one of the victims ("Victim

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 7507.1(a)(1), 3503(a)(1), 2701(a)(1), 3921(a), 3924, respectively.

1") without permission. Victim 1 woke up and saw Appellant standing near her bed. Appellant began to remove his belt and told Victim 1, "I've been waiting for you." Victim 1 screamed, at which point Appellant punched Victim 1 in the face and took $69.00 from her purse before fleeing. In a separate incident involving a different female victim ("Victim 2"), Appellant found a set of keys that belonged to Victim 2 and used them to enter her apartment. Approximately three weeks later, on October 29, 2014, Appellant entered Victim 2's apartment without permission again and watched her take a shower. The Commonwealth charged Appellant at docket No. CP-36-CR-0000411-2015 with burglary, simple assault, and theft by unlawful taking in connection with the incident on July 9, 2014, involving Victim 1. At docket No. CP-36-CR-0005443-2014, the Commonwealth charged Appellant with burglary, criminal trespass, invasion of privacy, and theft of property lost, mislaid, or delivered by mistake, in connection with the October 29, 2014 incident involving Victim 2.

Appellant pled guilty to all charges on June 16, 2015. The court sentenced Appellant on August 28, 2015, to consecutive terms of three (3) to ten (10) years' incarceration for each of the two burglary counts, one (1) to (2) years' incarceration for theft of property lost, mislaid, or delivered by mistake, and one (1) to two (2) years' incarceration for simple assault. The court merged the remaining charges for sentencing. Thus, Appellant received an aggregate sentence of eight (8) to twenty-four (24) years'

incarceration. Appellant filed a timely post-sentence motion on September 8, 2015 (the day after Labor Day). The court denied the post-sentence motion on September 10, 2015. Appellant filed a timely notice of appeal on October 9, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> WAS THE SENTENCE IMPOSED FOR COUNT ONE ON DOCKET 5443-2014, BURGLARY, AND COUNT ONE ON DOCKET 411-2015, BURGLARY, SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE TOO SEVERE A PUNISHMENT WHERE THE [COURT] SENTENCED IN THE AGGRAVATED RANGE OF THE SENTENCING GUIDELINES BASED ON THE INADEQUATE REASONING THAT THE SENTENCING GUIDELINES CONTEMPLATE A BURGLARY WHERE THE INTENDED CRIME IS THEFT, AS OPPOSED TO THE CRIMES PLEADED TO IN THE INSTANT CASE?
>
> WAS THE SENTENCE IMPOSED FOR COUNT FOUR ON DOCKET 5443-2014, THEFT OF PROPERTY LOST, SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE TOO SEVERE A PUNISHMENT WHEN THE SENTENCING GUIDELINES RECOMMEND A SENTENCE OF RESTORATIVE SANCTIONS (RS) AND THE SENTENCE IMPOSED WAS ONE TO TWO YEARS IN A STATE CORRECTIONAL INSTITUTE BASED ON THE INADEQUATE REASONING BY THE [COURT] THAT THE MISLAID PROPERTY WAS USED TO COMMIT A SEPARATE OFFENSE FOR WHICH…APPELLANT ALSO PLED GUILTY AND ON WHICH APPELLANT WAS SENTENCED SEPARATELY?
>
> WAS THE SENTENCE IMPOSED FOR COUNT THREE ON DOCKET 411-2015, SIMPLE ASSAULT, ILLEGAL, AS THIS CHARGE SHOULD HAVE MERGED WITH COUNT ONE, BURGLARY?

(Appellant's Brief at 6-7).

In issues one and two, Appellant argues his sentences for burglary and theft of property lost were manifestly excessive. Appellant asserts the court focused exclusively on the seriousness of the offenses, *i.e.*, the sexual connotations of the offenses, when it imposed sentences in or above the aggravated range of the sentencing guidelines. Appellant contends the court's reasoning was inadequate because the burglary statute and sentencing guidelines do not contemplate an increased penalty for burglary if the intended crime is something other than theft. Appellant further claims no facts of record supported the court's determination that at the time Appellant took Victim 2's keys, he intended to use them to commit a more serious offense. Appellant emphasizes he has no prior record, has been continuously employed since 2005, pled guilty to his crimes, and was not found to be a sexually violent predator. Appellant concludes he is entitled to resentencing on his convictions for burglary and theft of property lost. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Downing*, 990 A.2d 788 (Pa.Super. 2010) (stating claim that court relied on improper factor when imposing sentence implicates discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa.

653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when

the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. A claim that the court relied on an improper factor during sentencing raises a substantial question. **Downing, supra**. Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545.

"[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." **Commonwealth v. Hardy**, 939 A.2d 974, 980 (Pa.Super. 2007). On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. **Commonwealth v. Fullin**, 892 A.2d 843 (Pa.Super. 2006). "An abuse of discretion may not be found merely because an appellate court might have

- 6 -

reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Walls***, 592 Pa. 557, 564, 926 A.2d 957, 961 (2007).

Instantly, in his Rule 1925(b) statement, Appellant asserted (1) his aggregate sentence was manifestly excessive because it was inconsistent with the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs, and (2) the trial court failed to impose an individualized sentence that took into account Appellant's personal circumstances. Appellant failed to raise his claim that when the court imposed sentence, it improperly relied on a finding that the burglaries and theft of Victim 2's keys had sexual connotations. Therefore, that claim is waived. ***See Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005) (stating any issued not raised in Rule 1925(b) statement is waived for appellate review).

Moreover, when imposing sentence, the court was free to consider the sexual connotations inherent in Appellant's burglaries. With respect to theft of property lost conviction, the record supported the court's determination that Appellant stole Victim 2's keys with the intent to enter her home and commit a more serious crime. The factual basis for Appellant's guilty plea established Appellant found the keys and used them to enter Victim 2's apartment with the intent to commit a crime. Appellant made no effort to

return the keys despite knowing they belonged to Victim 2. Instead, Appellant held onto the keys for three weeks and then used them to enter Victim 2's apartment a second time to watch her in the shower. Thus, Appellant's claim would merit no relief even if he had properly preserved it. ***See Hardy, supra***.

Appellant also waived his claim that the court imposed an excessive sentence by focusing solely on the seriousness of the crimes because Appellant failed to raise it in his post-sentence motion or at sentencing. ***See Evans, supra***. Moreover, the court had the benefit of a presentence investigation ("PSI") report, so we can assume the court was aware of the relevant information regarding Appellant's character and weighed those considerations along with mitigating factors. ***See Commonwealth v. Devers***, 519 Pa. 88, 546 A.2d 12 (1988). Further, the court also remarked at sentencing:

> I've reviewed the [PSI report] myself, and it's relatively vanilla. There's nothing bad in there. And, you know, [Appellant has] been working for the last several years.
>
> So, I mean, there are some things for him, nothing that jumps out one way or the other.

(N.T. Sentencing, 8/28/15, at 3). Thus, the record belies Appellant's claim that the court failed to consider factors other than the gravity of the offense. Had they been properly preserved, Appellant's discretionary sentencing challenges would not entitle him to relief.

In his third issue, Appellant argues he burglarized Victim 1's residence with the intent to commit both the theft and the simple assault, so the theft and simple assault convictions should have merged with burglary for sentencing. Appellant contends the court improperly noted Appellant might have had other criminal intentions of a sexual nature when he entered Victim 1's home, even though Appellant pled guilty only to burglary, simple assault, and theft by unlawful taking. Appellant concludes the court properly merged the theft offense with burglary but erred when it sentenced him separately on the simple assault conviction. We disagree.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Quintua**, 56 A.3d 399, 400 (Pa.Super. 2012), *appeal denied*, 620 Pa. 730, 70 A.3d 810 (2013) (citing **Commonwealth v. Allen**, 24 A.3d 1058, 1062 (Pa.Super. 2011)). The burglary statute states in relevant part:

**§ 3502. Burglary**

**(a) Offense defined.—**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present[.]

\* \* \*

> **(d) Multiple convictions.**—A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

18 Pa.C.S.A. § 3502. "The Commonwealth is not required to allege or prove what particular crime a defendant intended to commit after his forcible entry into the private residence." *Commonwealth v. Lambert*, 795 A.2d 1010, 1022 (Pa.Super. 2002) (*en banc*), *appeal denied*, 569 Pa. 701, 805 A.2d 521 (2002). "The intent to commit a crime after entry may be inferred from the circumstances surrounding the incident." *Id.*

Instantly, Appellant pled guilty to burglary, theft by unlawful taking, and simple assault in connection with the incident involving Victim 1. The theft and simple assault convictions were graded as second-degree misdemeanors. At the guilty plea hearing, the Commonwealth set forth the factual basis for the plea, which stated that Appellant unlawfully entered the residence of Victim 1, assaulted her by punching her in the face, and took $69.00 from her purse. The factual basis for the plea was silent regarding what specific crime(s) Appellant had **intended** to commit when he entered Victim 1's residence. In light of Section 3502(d), the court then had to determine what Appellant intended to do when he entered the residence.

At sentencing, the Commonwealth placed the facts of the incident in broader context, explaining that Victim 1 awoke to find Appellant standing near her bed; Appellant told Victim 1 he had been waiting for her and

- 10 -

started to take off his belt. Appellant lodged no objection to the Commonwealth's recitation of facts, which amplified rather than contradicted anything established during Appellant's plea. Further, these facts were consistent with the affidavit of probable cause supporting the criminal complaint. The affidavit stated Victim 1 screamed after Appellant said, "I've been waiting for you" and began to remove his belt, at which point Appellant suddenly punched Victim 1 in the face repeatedly and fled with her money. The court sentenced Appellant separately on the simple assault count, finding that Appellant had not formed the intent to punch Victim 1 in the face, when he first entered Victim 1's residence. Appellant's initial words and actions reasonably suggested his intent to commit a different offense. The simple assault (face punching) occurred suddenly as a result of Victim 1's scream. The record supports this determination.

Moreover, the court did merge Appellant's convictions for burglary and theft by unlawful taking, concluding Appellant most likely intended to commit the theft offense when he entered Victim 1's home. The record supports this determination as well. Nevertheless, the court was not compelled to find Appellant also intended to commit the simple assault at the time of entry. Based on the foregoing, Appellant's sentence for simple assault was lawful. *See* 18 Pa.C.S.A. § 3502(d); **Lambert, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2016