COMMONWEALTH of Pennsylvania,
Appellee

v.

Lawrence QUINTUA, Appellant.

Superior Court of Pennsylvania.

Submitted June 25, 2012.

Filed Oct. 10, 2012.

Reargument Denied Dec. 20, 2012.

Charles D. Jonas, Doylestown, for appellant.

David W. Heckler, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., GANTMAN, J., and OLSON, J.

OPINION BY GANTMAN, J.:

Appellant, Lawrence Quintua, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his jury trial convictions for burglary, robbery, criminal trespass, recklessly endangering another person ("REAP"), simple assault, and theft by taking.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Purporting to be a painter, Appellant forced his way into the home of Frank Motz and robbed Mr. Motz of his wallet and money. The Commonwealth charged Appellant with various offenses, and a jury convicted Appellant of burglary, robbery, criminal trespass, REAP, and theft by taking. A sentencing hearing took place on August 4, 2011. With respect to burglary and criminal trespass, the court sentenced Appellant to ten (10) to twenty (20) years' imprisonment for burglary, with a consecutive term

1. 18 Pa.C.S.A. §§ 3502, 3701, 3503, 2705,    2701, 3921, respectively.

of two and a half (2½) to five (5) years' imprisonment for criminal trespass.[2] Appellant timely filed post-sentence motions, which the court denied on October 25, 2011. On November 23, 2011, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ERR IN SENTENCING APPELLANT TO A TERM OF INCARCERATION ON THE COUNT OF CRIMINAL TRESPASS THAT WAS CONSECUTIVE TO THE COUNT OF BURGLARY, AS CRIMINAL TRESPASS IS A LESSER INCLUDED OFFENSE OF BURGLARY?

(Appellant's Brief at 5).

Appellant argues criminal trespass is a lesser included offense of burglary, and should have merged with burglary for sentencing purposes. In support of his position, Appellant relies on our Supreme Court's plurality decision in *Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815 (2006). *Jones* stated burglary and criminal trespass can merge at sentencing when a defendant is convicted under a single set of facts that can satisfy both offenses. Appellant argues the facts of his case are analogous to those in *Jones* and concludes the court improperly sentenced him to periods of incarceration for both criminal trespass and burglary. The Commonwealth and trial court agree that *Jones* controls, and ask that this case be remanded for resentencing. We, however, disagree.

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. *Commonwealth v. Allen*, 24 A.3d 1058, 1062 (Pa.Super.2011). Therefore, our standard of review is *de novo* and our scope of review is plenary. *Id.*

The Crimes Code defines burglary as follows:

§ 3502. **Burglary**

**(a) Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S.A. § 3502(a).

The Crimes Code defines criminal trespass as follows:

§ 3503. **Criminal trespass**

**(a) Buildings and occupied structures.—**

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503(a)(1).

Whether these two offenses merge will turn on Section 9765 of the Sentencing Code, which addresses merger and provides:

§ 9765. **Merger of sentences**

---

**2.** The court additionally sentenced Appellant to ten (10) to twenty (20) years' imprisonment for robbery, concurrent to his burglary sentence. Appellant's aggregate sentence was twelve and one half to twenty five years' imprisonment.

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act **and** all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added).

*Jones* addressed the merger of burglary and criminal trespass under Section 9765, but the Court was unable to agree on the appropriate test for merger. *See Jones, supra; Commonwealth v. Williams,* 920 A.2d 887, 889 (Pa.Super.2007) (acknowledging fractured decision in *Jones* with respect to merger test). The lead opinion favored a "practical, hybrid approach" that looks to the statutory elements of the respective crimes and evaluates whether the defendant was charged and convicted on a single set of facts that satisfies both offenses. *See Jones, supra* at 368–71, 912 A.2d at 822–24. The *Jones* lead opinion rejected a strict "elements based" approach to merger and concluded that, under the facts presented, criminal trespass and burglary merged, despite their different statutory elements. *Id.* The dissenting opinion in *Jones,* however, favored the statutory elements approach to merger, expressly disapproving of the fact-based approach advocated by the lead opinion. *Id.* at 374–75, 912 A.2d at 826. In the dissent's view, Section 9765 set forth a clear test, where merger will occur only where all statutory elements of one offense are included in the other offense. *Id.* at 375, 912 A.2d at 827. The dissent examined the elements of criminal trespass and burglary before concluding the crimes should not merge because each offense required proof of an element the other did not. *Id.*

Just three years later, our Supreme Court revisited its approach to merger. *See Commonwealth v. Baldwin,* 604 Pa. 34, 985 A.2d 830 (2009). In a majority decision, *Baldwin* adopted the *Jones* dissent's reasoning and held the plain language of Section 9765 reveals a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Id.* at 45, 985 A.2d at 837. *Baldwin* rejected the "practical, hybrid approach" advocated in the lead *Jones* plurality opinion. *Id.* at 42, 912 A.2d at 835. Instead, *Baldwin* held that when each offense contains an element the other does not, merger is inappropriate. *Id.* at 45, 985 A.2d at 837.

■ This Court has similarly parted ways with the *Jones* lead opinion and adopted the *Jones* dissent as setting forth the proper analysis for merger. *See Williams, supra* at 891. Therefore, notwithstanding the plurality's conclusion in *Jones* regarding merger of criminal trespass and burglary, the current state of merger law in Pennsylvania makes clear there is no merger if each offense requires proof of an element the other does not. *See Commonwealth v. Taggart,* 997 A.2d 1189, 1200–01 (Pa.Super.2010), *appeal denied,* 610 Pa. 578, 17 A.3d 1254 (2011) (noting elements test as stated in *Baldwin* and *Williams* accurately reflect Pennsylvania law on merger); *Commonwealth v. Martz,* 926 A.2d 514, 526, (Pa.Super.2007), *appeal denied,* 596 Pa. 704, 940 A.2d 363 (2008) (stating same). The "practical, hybrid approach" espoused in the *Jones* lead opinion is not the proper test for merger. *Id.*

■ In the instant case, Appellant was charged with and convicted of, *inter alia,* criminal trespass and burglary after he

forced his way into Mr. Motz's home and robbed Mr. Motz of his wallet and money. For purposes of merger, Appellant's crimes arose from a single criminal act; no party makes a claim to the contrary. Consequently, this case turns on whether all of the statutory elements of criminal trespass are included in the statutory elements of the burglary.

Examining the elements of criminal trespass, a conviction for that offense requires a person: (1) to break or enter into with subterfuge any building or occupied structure; (2) knowing he is not licensed or privileged to do so. *See* 18 Pa.C.S.A. § 3503(a)(1). On the other hand, to commit burglary, a person must: (1) enter a building or occupied structure; (2) with intent to commit a crime therein. *See* 18 Pa.C.S.A. § 3502(a). The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge. *See Jones, supra* at 376, 912 A.2d at 827 (Newman, J., dissenting) (stating: "[N]ot every burglary is a criminal trespass, and vice versa.").

Appellant's reliance on *Jones* is misplaced because the lead opinion in *Jones* and its stance on merger are not viable. *See Baldwin, supra; Williams, supra.* Instead, Section 9765 and the strict elements approach to merger govern Appellant's issue. *See Baldwin, supra.* Under that analysis, Appellant's sentences for burglary and criminal trespass should not merge; and the trial court's sentence was correct. Accordingly, we affirm.

Judgment of sentence affirmed.