J-A26021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RYAN S. WISE | |
| Appellant | No. 6 WDA 2016 |

Appeal from the Judgment of Sentence September 9, 2015
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000095-2015

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                **FILED NOVEMBER 08, 2016**

Appellant, Ryan S. Wise, appeals from the judgment of sentence of 50 to 100 months' incarceration imposed after his conviction for burglary, criminal trespass, and related charges.[1]  We affirm.

The parties do not dispute the facts, which we adopt from the trial court's opinion.[2]  **See** Trial Court Opinion (TCO), 11/23/15, at 1-2. Appellant and an accomplice broke into a pharmacy, smashing the window with a hammer and climbing through it.  In the process, Appellant cut himself on the broken glass.  Once inside, he ransacked the pharmacy and

---

[1] 18 Pa.C.S. § 3502 and 18 Pa.C.S. § 3503.
[2] Appellant did not order the notes of trial and sentencing.  Appellant's Brief at 8.

stole methadone and morphine. Police later identified Appellant through DNA evidence.

On August 6, 2015, following trial, a jury convicted Appellant of burglary, criminal trespass, theft by unlawful taking, receiving stolen property, possession of an instrument of crime (PIC), criminal mischief, and possession of a controlled substance.[3] The jury acquitted Appellant of possession with intent to deliver.[4]

On September 9, 2015, the court sentenced Appellant to eighteen to thirty-six months' incarceration for burglary, sixteen to thirty-two months' incarceration for PIC, and sixteen to thirty-two months' incarceration on the criminal trespass charge.[5] Each charge ran consecutively for an aggregate sentence of 50 to 100 months of incarceration.

On September 17, 2015, Appellant filed a post-sentence motion arguing that the sentences for criminal trespass and burglary should merge for sentencing purposes, and the sentences for PIC and burglary should merge for sentencing purposes. On November 23, 2015, by memorandum opinion, the trial court denied Appellant's motion.

_____

[3] 18 Pa.C.S. §§ 3502, 3503, 3921, 3925, 907, 3304, and 780-113(a)(30), respectively.
[4] 18 Pa.C.S. § 780-113(a)(30).
[5] For purposes of sentencing, the trial court merged the convictions for receiving stolen property and possession of a controlled substance with theft, and the conviction for theft with that of burglary.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b). The trial court issued a responsive statement incorporating its prior memorandum opinion.

Herein, Appellant presents two issues for our review:

I. Did the trial court err in failing to merge the criminal trespass charge with the burglary charge?

II. Did the trial court err in failing to merge [Appellant's] possessing instruments of crime charge with the burglary charge?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's claims involve merger. A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. *Commonwealth v. Allen*, 24 A.3d 1058, 1062 (Pa. Super. 2011). Our scope of review is plenary and our standard of review is *de novo*. *Id.* Whether two offenses merge will turn on Section 9765 of the Sentencing Code, which provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

First, Appellant argues that burglary and criminal trespass should merge for sentencing purposes because both charges share substantially similar statutory elements, despite current jurisprudence holding otherwise.

- 3 -

Appellant argues that the term "licensed and privileged" is foundational to the charges of both burglary and criminal trespass, and thus, the crimes should merge for sentencing purposes.[6]  Appellant's Brief at 10-19.

This Court has previously clarified the current state of merger law in Pennsylvania, noting that "there is no merger if each offense requires proof of an element the other does not."  **Commonwealth v. Quintua**, 56 A.3d 399, 400-01 (Pa. Super. 2012).  Thus, because criminal trespass contains an element of knowledge that burglary does not, and because burglary contains an element of intent that criminal trespass does not, the two offenses do not merge for purposes of sentencing.  **See Quintua**, 56 A.3d at 402.

Appellant acknowledges that **Quintua** holds that the statutory elements of burglary and criminal trespass are not contained within each other, but requests that we reconsider that decision.  Appellant's Brief at 15. We decline to do so, as a three-judge panel is not empowered to overrule another panel of this Court.  **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013); **see also Commonwealth v. Taylor**, 649 A.2d 453, 455 (Pa. Super. 1994) (declining to address a claim as a panel of this Court is not empowered to overrule another panel).

---

[6] A statutory defense to burglary is that an actor is licensed and privileged to enter, while a statutory element of criminal trespass is that an actor is not licensed and privileged to enter.  **See** 18 Pa.C.S. § 3502 and 18 Pa.C.S. § 3503.

Next, Appellant argues that the trial court erred in failing to merge Appellant's sentence for burglary with his sentence for PIC. Although Appellant concedes that PIC and burglary do not merge under 42 Pa.C.S. § 9765, he attempts to put forth an alternative means of merger through 18 Pa.C.S. § 3502(d).[7] Appellant argues that because the hammer used to break the window was found inside the pharmacy, it was "intended to be possessed therein." Essentially, Appellant argues that the possession of the hammer was the crime Appellant had intended to commit during the burglary. Appellant's Brief at 9, 20-21.

A person commits the offense of burglary if:

[w]ith the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S. § 3502(a)(4). With regard to PIC,

A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S. § 907. An instrument of crime is further defined as anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it might have. 18 Pa.C.S. § 907.

---

[7] "A person may not be sentenced both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 18 Pa.C.S. § 3502(d).

It is clear from the language of the statutes that PIC and burglary do not merge, as burglary requires entry into a structure and PIC does not. *See* 42 Pa.C.S. § 9765. Indeed, as noted above, Appellant admits as much. However, Appellant attempts to argue that 18 Pa.C.S. § 3502(d) applies to this case because Appellant broke into the pharmacy with the intent to possess the hammer therein. Appellant baldly states that:

> Possession could have *only* occurred outside the pharmacy—but that is not what happened here. The hammer was found inside the pharmacy on the floor. This, by definition, required possession of the hammer while inside the pharmacy during a burglary. Therefore, the only reasonable inference remains that the hammer was to be possessed *after* the illegal entry.

Appellant's Brief at 21. This argument is so strained as to defy belief. Appellant was captured on surveillance video striking the pharmacy window with the hammer and entering the pharmacy. TCO at 1-2. Appellant possessed the hammer with the intent to use it in a criminal manner, namely, to break the window and effectuate a burglary. The crime Appellant intended to commit by burglarizing the pharmacy was theft: namely, of one tablet of methadone and 287 tablets of morphine. TCO at 2-5. The trial court, in merging Appellant's sentences for burglary and theft, made this clear. We see no error in this ruling.

In the alternative, Appellant argues that **Apprendi**[8] and its progeny should apply to his case. He avers that because the trial court did not

---

[8] **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000).

- 6 -

merge the sentences for burglary and PIC, his maximum sentence was increased. No specific factual finding was made that "PIC was not intended to be committed during the course of the burglary." Thus, he avers that his sentence was illegal. Appellant's Brief at 22-23.

Appellant's attempts to apply **Apprendi** to the instant case are equally unavailing. **Apprendi** held that any fact other than the fact of prior conviction which increases the penalty **for a crime** beyond the prescribed statutory maximum must be proven beyond a reasonable doubt and submitted to a jury. **Apprendi**, 120 S. Ct. at 2363 (emphasis added). The Pennsylvania Supreme Court has further held that **Apprendi** is not implicated when a sentence imposed for a given conviction does not exceed the applicable statutory maximum. **Commonwealth v. Gordon**, 942 A.2d 174, 182 (Pa. 2007) (citations omitted).

In the instant case, burglary is a felony of the second degree, with a statutory maximum sentence of ten years. **See** 18 Pa.C.S. § 3502(c)(1); 18 Pa.C.S. § 1103. Appellant was sentenced to eighteen to thirty-six months' incarceration, far below the statutory maximum. PIC is a misdemeanor of the first degree, which carries a statutory maximum of five years. **See** 18 Pa.C.S. § 907; 18 Pa.C.S. § 1104. Appellant was sentenced to sixteen to thirty-two months' incarceration, far below the statutory maximum. Even Appellant's aggregate consecutive sentence does not exceed the statutory maximum for a felony of the second degree.

As we have noted above, the crimes of burglary and PIC are separate and do not merge. Although Appellant's conviction for multiple crimes does, undoubtedly, increase his term of sentence, it does not implicate *Apprendi*.

Accordingly, Appellant's sentences for burglary and criminal trespass, and for PIC and burglary, should not merge; and the trial court's sentence was correct. *See Quintua*, 56 A.3d at 402.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016