J-S13041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYONTIA LAMONT BLANKS | : | |
| | : | |
| Appellant | : | No. 377 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 28, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001794-2021

BEFORE:   KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED: May 16, 2024**

Kyontia Blanks appeals from the judgment of sentence entered after a jury found him guilty of voluntary manslaughter, aggravated assault, possessing an instrument of crime (PIC), firearms not to be carried without a license, recklessly endangering another person (REAP), and flight to avoid apprehension, trial, or punishment.[1]  Blanks challenges the sufficiency of the evidence to sustain his PIC conviction and claims two of his sentences should have merged.  We affirm Blanks' convictions but vacate and remand for resentencing.

On October 21, 2020, Blanks was standing with friends outside of a convenience store.  Blanks had recently purchased a gun, which he kept in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2503(a)(1), 2702(a)(1), 907(a), 6106(a)(1), 2705, and 5126(a), respectively.

the pocket of his hooded sweatshirt. At approximately 5:30 p.m., Frederick Perry drove up to the store. Within seconds, Blanks drew his gun and shot Perry twice. Perry, who was unarmed, was taken to a hospital and pronounced dead. Blanks fled and was apprehended in New York eight months later.

The Commonwealth charged Blanks with criminal homicide and other offenses. The case proceeded to trial in January of 2023. Blanks testified that he had purchased the gun because Perry had threatened to kill him. He claimed that he shot Perry in self-defense.

The jury convicted Blanks of voluntary manslaughter and the other charged crimes. On February 28, 2023, the trial court sentenced Blanks to an aggregate term of 9 to 18 years of confinement and 1 year of reentry supervision, as well as costs and restitution. Blanks filed a post-sentence motion, which the trial court denied. Blanks timely appealed. Blanks and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. Blanks then sought leave and filed an amended concise statement *nunc pro tunc*. **See** Pa.R.A.P. 1925(b)(2)(i). The trial court issued a supplemental opinion on February 20, 2024.

Blanks presents two issues for review: (1) whether the Commonwealth presented sufficient evidence to sustain his conviction for PIC, and (2) whether his convictions of voluntary manslaughter and REAP merge for sentencing. We address them in turn.

**Sufficiency of the Evidence – PIC**

Blanks first challenges the sufficiency of the evidence to sustain his conviction for PIC. Specifically, he contends that the Commonwealth failed to prove his intent to employ the gun (the alleged instrument of crime) "criminally." 18 Pa.C.S.A. § 907(a). Blanks argues that the jury's verdict, finding him guilty of voluntary manslaughter, precludes a finding that his intent was criminal. Further, Blanks submits that there was no other evidence that he intended to employ the gun criminally.

"In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Woodard*, 129 A.3d 480, 489–90 (Pa. 2015) (citation omitted). A defendant's intent, such as the intent to use a gun for a criminal purpose, "may be inferred from the circumstances surrounding the possession." *Commonwealth v. Brockington*, 230 A.3d 1209, 1213 (Pa. Super. 2020) (quoting *Commonwealth v. Andrews*, 768 A.2d 309, 318 (Pa. 2001)).

Generally, analysis of a sufficiency challenge for one conviction is independent from the jury's verdict at a different count. *Commonwealth v. Moore*, 103 A.3d 1240, 1242 n.3 (Pa. 2014) (citing *United States v. Powell*,

- 3 -

469 U.S. 57, 67 (1984)). A challenge to evidentiary sufficiency is thereby distinct from a challenge to the inconsistency of a verdict. *Id.*

Moreover, the Supreme Court of Pennsylvania has considered and rejected sufficiency claims for PIC based on verdicts in related charges of criminal homicide. A verdict of voluntary manslaughter, by means of imperfect self-defense, does not render evidence insufficient for the crime of PIC. *Commonwealth v. Weston*, 749 A.2d 458, 462 (Pa. 2000) (abrogating a contrary holding in *Commonwealth v. Correa*, 648 A.2d 1199, 1203 (Pa. Super. 1994)). Even an acquittal of all homicide charges is not a basis to reverse a conviction for PIC. *Moore*, 103 A.3d at 1250. We therefore reject Blanks' argument that the evidence was insufficient to convict him of PIC simply because the jury found him guilty of voluntary manslaughter. *Weston*, *supra*.

Further, we conclude that the evidence was sufficient for the jury to find that Blanks intended to employ the gun criminally. As the trial court recounted, the surveillance video "depicted [Blanks] gazing at [Perry] while adopting the aggressive stance of holding a gun, pointing the gun toward [Perry] with his hand extended, and lunging forward toward [Perry] with the gun pointed towards him." Supplemental Opinion, 4/20/24, at 3. Blanks shooting an unarmed Perry mere seconds after Perry's arrival is ample evidence of Blanks' intent. Blanks' sufficiency challenge fails.

**Merger for Sentencing – Voluntary Manslaughter and REAP**

Blanks next argues that his sentence for REAP should have merged with his sentence for voluntary manslaughter. This issue implicates the legality of Blanks' sentence. *Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa. Super. 2012). Accordingly, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

Crimes merge for sentencing if two requirements are satisfied: first, "the crimes arise from a single criminal act," and second, "all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Analysis of the second requirement "begins and ends with the statutory elements of each offense." *Commonwealth v. Edwards*, 256 A.3d 1130, 1137 (Pa. 2021).

Voluntary manslaughter is defined in relevant part as:

A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under [18 Pa.C.S.A. § 505], but his belief is unreasonable.

18 Pa.C.S.A. § 2503(b). The elements are that the defendant intentionally or knowingly killed an individual and the defendant's belief about the need for deadly force was unreasonable, *i.e.*, the killing was not justified. *Weston*, 749 A.2d at 462.

Likewise, a person commits REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. The elements are that the defendant recklessly

engaged in conduct that placed another person in actual danger of death or serious bodily injury. *Edwards*, 256 A.3d at 1138.

The Commonwealth argues that the crimes do not merge because they require proof of different mental states. However, proof that a defendant acted intentionally or knowingly satisfies the requirement that he acted recklessly. *See Commonwealth v. James*, 268 A.3d 461, 469 (Pa. Super. 2021) (sustaining a conviction for REAP where the evidence was sufficient to prove the defendant shot a gun intentionally). "The elements required to be proved [for REAP] are all necessary, though not sufficient, to establish the elements of murder." *Commonwealth v. Musselman*, 396 A.2d 625, 625 n.1 (Pa. 1979)

Alternatively, the crimes would not merge if the victims were different. Trial Court Opinion, 8/1/24, at 6; *see Commonwealth v. Burdge*, 562 A.2d 864, 867 (Pa. Super. 1989). A useful comparison is *Commonwealth v. Hernandez*, 230 A.3d 480 (Pa. Super. 2020). There, Martin Hernandez shot Christian Aguilar, who was near other people. *Id.* at 483. A jury found Hernandez guilty of third-degree murder and REAP, among other crimes. *Id.* This Court ruled that merger was not required because Hernandez "was **not** charged with and convicted of REAP with respect to any danger in which he may have placed his murder victim. Rather, [Hernandez's] charge and conviction was a result of the danger in which he placed other individuals near the scene of the shooting." *Id.* at 488. In our analysis, we considered the

Commonwealth's claim at trial and the jury instructions, both of which made clear that the charge of REAP was not directed at Aguiar. *Id.*

Here, the criminal information accused Blanks of recklessly endangering another person because he "did use a firearm to shoot the victim, Frederick Perry, in the chest, causing his death while there were other individuals present in the immediate vicinity." Information, 9/30/21, at 1 (capitalization omitted). However, by the time of trial, there were no references to victims other than Perry.[2] Additionally, the trial court instructed the jury that the alleged victim for the charge of REAP was Perry:

> The Defendant is charged at Count 5 with reckless endangerment, [REAP]. To find him guilty of this offense, you must find that the Defendant recklessly did something that may have placed Mr. Perry in danger of death or serious bodily injury.
>
> Now, once again, a person acts recklessly as I defined before with respect to serious bodily injury when he consciously ignores a great and unjustifiable risk that what he is doing will cause another person to be seriously injured. The risk must be so high that considering what a Defendant did and what his intentions were, he acted in a way that would amount to a gross deviation from the standard of conduct that a reasonable person in this situation would have followed.
>
> Now, if after considering all the evidence you find that the Commonwealth has established beyond a reasonable doubt that the Defendant's reckless action placed Mr. Perry in danger of death or serious injury, you should find the Defendant guilty of reckless[] endangerment. Otherwise, you must find the Defendant not guilty.

---

[2] The Commonwealth emphasized that Blanks was with a group only to refute Blanks' claim of self-defense; Blanks had testified that Perry threatened, "I'm going to kill you when I catch you by yourself." N.T., 1/12/23, at 25. As the Assistant District Attorney argued to the jury, the only question in this case was self-defense. *Id.* at 104.

N.T., 1/12/23, at 160–61. Based on the Commonwealth's claims and the jury instructions, it is readily apparent that Perry was the only alleged victim for this count at trial. **See also** Trial Court Opinion, 8/1/24, at 1 ("Appellant Kyontia Lamont Blanks was convicted of . . . Recklessly Endangering Another Person (Frederick Perry) . . . .").

In conclusion, Blanks' convictions for voluntary manslaughter and for REAP arose from a single criminal act. The statutory elements of REAP are included in the statutory elements of voluntary manslaughter. And both crimes were against the same victim, Perry. Therefore, Blanks' conviction for REAP should have merged for sentencing purposes with his conviction for voluntary manslaughter. We vacate Blanks' sentence at Count 5, recklessly endangering another person. Mindful that vacating this 6-to-12-month consecutive sentence may upset the overall sentencing scheme, we vacate the remainder of Blanks' sentence and remand for resentencing. **Commonwealth v. Sutton**, 583 A.2d 500, 502 (Pa. Super. 1990).

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/16/2024