J-S33010-24

2025 PA Super 38

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    : PENNSYLVANIA
                                                    :
                        v.                          :
                                                    :
                                                    :
                                                    :
JASON RILEY WUNDERLICH                              :
                                                    :
                Appellant                           : No. 169 MDA 2024

Appeal from the Judgment of Sentence Entered August 3, 2023
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000188-2022

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

OPINION BY OLSON, J.:                    **FILED: FEBRUARY 19, 2025**

Appellant, Jason Riley Wunderlich, appeals from the judgment of
sentence entered August 3, 2023, in the Criminal Division of the Court of
Common Pleas of Perry County.  We affirm.

The underlying facts are undisputed.  On or about November 23, 2021,
the Pennsylvania State Police (PSP) filed a criminal complaint charging
Appellant with two counts of dissemination of sexually explicit material to a
minor, two counts of criminal use of a communication facility, and two counts
of corruption of minors.[1]  The charges were filed after PSP received a call from
the mother of a nine- or ten-year-old girl who reported that Appellant had
shown her two sexually explicit videos.  At trial, the evidence established that
Appellant and the victim were together in a room used by Appellant as his
residence.  While in the room, both Appellant and the victim were seated on

_____

[1] 18 Pa.C.S.A. §§ 5903(c)(1), 7512(a), and 6301(a)(1), respectively.

a couch from which they could view a nearby computer. The victim testified that she was shown two videos that depicted nudity and individuals engaged in explicit sexual activity.

At the conclusion of trial on June 22, 2023, a jury found Appellant guilty on all counts. Thereafter, on August 3, 2023, the trial court imposed its sentence. For each count of disseminating explicit sexual material to a minor, charged at Counts 1 and 2, Appellant received one to two years' imprisonment. For each count of criminal use of a communication facility, charged at Counts 3 and 4, Appellant received one to three years' imprisonment. For each count of corruption of minors, charged at Counts 5 and 6, Appellant received nine months to three years' imprisonment. The trial court further ordered that the sentences imposed at Counts 1 through 4 shall run consecutive to each other, and the sentences imposed at Counts 5 and 6 shall run concurrent to each other and concurrent to the sentence imposed at Count 4. Hence, Appellant received an aggregate sentence of four to ten years' incarceration. This appeal followed.[2]

_____

[2] Based upon our review of the docket entries and the submissions of the parties, including Appellant's multiple filings in response to our March 1, 2024 show cause order, we are satisfied that, while Appellant filed his notice of appeal more than 30 days after the disposition of his post-sentence motion, a breakdown in the trial court's processes lead to the untimely filing of Appellant's notice of appeal. Accordingly, we shall refrain from quashal. **See Commonwealth v. Khalil**, 806 A.2d 415, 420 (Pa. Super. 2002) (Superior Court will address otherwise untimely appeal if fraud or breakdown in the trial court's processes resulted in an untimely filing), *appeal denied*, 818 A.2d 503 (Pa. 2003).

Appellant alleges in his first issue that the evidence was insufficient to sustain his conviction for criminal use of a communication facility because the Commonwealth failed to establish that the computer used in this case qualified as a "communication facility" under 18 Pa.C.S.A. § 7512. Appellant concedes the display of sexually explicit videos. *See* Appellant's Brief at 14. He nonetheless disputes that the computer used here constituted a "communication facility" in the absence of any evidence of communication with the victim or transmission of the video images over the Internet. *See id*.

Whether the evidence adduced by the Commonwealth is sufficient to sustain a conviction presents a question of law. *Commonwealth v. Toritto*, 67 A.3d 29 (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Walls*, 144 A.3d 926 (Pa. Super. 2016). To assess the sufficiency of evidence offered to establish guilt, we consider:

> whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, is sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 436 (Pa. Super. 2021). "Evidence may be entirely circumstantial so long as it links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

We are unable to agree with Appellant's contention that the evidence was insufficient to sustain his conviction for criminal use of a communication facility under 18 Pa.C.S.A. § 7512.  In relevant part, the Crimes Code makes it an offense if a person "uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under [the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §§ 780-101, *et seq*.]"  18 Pa.C.S.A. § 7512(a).  A communication facility is "a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail." 18 Pa.C.S.A. § 7512(c).  To support a conviction for criminal use of a communication facility under Section 7512, "the Commonwealth must prove beyond a reasonable doubt that: (1) [defendant] knowingly and intentionally used a communication facility; (2) [defendant] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred." *Commonwealth v. Moss*, 852 A.2d 374,

382 (Pa. Super. 2004). "Facilitation" is "any use of a communication facility that makes easier the commission of the underlying felony." **_Id_.**

Under the statute, therefore, an offense is committed if, _inter alia_, a communication facility is used intentionally to cause or facilitate a felony, and the felony has occurred. A communication facility, in turn, is defined as a device or instrumentality that is **used or useful** in transmitting images or data of any nature through a variety of means. Appellant admits that a computer under his custody or control was used to depict a sexually explicit video to a minor. **_See_** Appellant's Brief at 14. He claims, however, that the evidence was insufficient to establish the use of a communication facility where there was no testimony or proof that the videos were transmitted or streamed over the Internet and there was no evidence of communication between the Appellant and the victim.

Appellant overlooks important evidence and permissible inferences that support his convictions under Section 7512. He does not contend that the computer used in this case was not at least **useful** in the transmission of pornographic imagery. Instead, he simply suggests that its transmission and communication capabilities were not, in fact, contemporaneously engaged when the adult images were shown to the minor victim. This position merits no relief, as we agree with the Commonwealth and the trial court that the jury could infer, based on the testimony at trial, that the sexually explicit images shown to the victim were either livestreamed at the time of the offense or had

previously been downloaded to the device. We also conclude that a device or instrumentality capable of either contemporaneous livestreaming or prior downloading (and subsequent reproduction) would satisfy the requirement of a "communication facility" because such an object could be used or would be **useful** in transmitting images or data "of any nature" through a variety of means as required by Section 7512. *See* 18 Pa.C.S.A. § 7512(c).

Viewed in the light most favorable to the Commonwealth, the evidence and permissible inferences were sufficient to prove each element of Section 7512. Here, Appellant used a computer to facilitate the felonious dissemination of sexually explicit materials to a minor, the underlying felony actually took place, and the jury acted well within its discretion in finding that computer qualified as a communication device under Section 7512 because it was useful in transmitting images or data. For these reasons, we reject Appellant's challenge to the sufficiency of the evidence.

In his second issue, Appellant claims that his two convictions for corruption of minors should merge, for sentencing purposes, with his convictions for dissemination of sexually explicit material to a minor.[3] *See* Appellant's Brief at 16. Appellant's position is that the offenses merge because "[t]he dissemination charge encompasses everything prohibited by

---

[3] We read Appellant's claim as seeking to merge, for sentencing purposes, the two corruption convictions with the two dissemination convictions which arose from corresponding videos.

corruption - it's a perfect match." *Id.* at 19. Should the offenses merge, Appellant asserts that he may only be sentenced on the dissemination charges, since those charges carry a higher grade than the corruption offenses.[4] *See id.* at 18.

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence; therefore, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Quintua*, 56 A.3d 399, 400 (Pa. Super. 2012).

The General Assembly has statutorily defined the circumstances under which convictions for separate crimes may merge for the purpose of sentencing.

> **Merger of sentences.** No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

We compare the elements of the offenses to determine whether offenses must be merged for sentencing purposes. *Commonwealth v. Nero*, 58 A.3d

---

[4] Appellant's corruption convictions were graded as first-degree misdemeanors while his dissemination convictions were graded as third-degree felonies. *See* Sentencing Order, 8/3/23, at 1-2; 18 Pa.C.S.A. § 5903(h)(2) (grading first-time dissemination offenses as third-degree felonies); 18 Pa.C.S.A. § 6301(a)(1)(i) (grading non-course of conduct corruption convictions as first-degree misdemeanors).

802, 806 (Pa. Super. 2012). Merger is inappropriate when each offense contains an element the other does not. *See Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009) ("[Section 9765's] mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other.").

Our review of Appellant's convictions leads us to conclude that merger is inappropriate in this case. Section 5903(c)(1), which proscribes dissemination of explicit material to minors, provides that "[n]o person shall knowingly disseminate by sale, loan or otherwise explicit sexual materials to a minor[, and defines explicit sexual materials as materials which include any picture or image of a person or portion of the human body which depicts nudity or sexual conduct]." 18 Pa.C.S.A. § 5903(c)(1). Section 6301(a)(1)(i), which defines corruption of minors, states: "whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree." 18 Pa.C.S.A. § 6301(a)(1)(i).

While both crimes clearly target offenders whose conduct tends to endanger or harm the morality of minors, each offense includes an element the other does not. Section 5903(c)(1) extends the class of potential

perpetrators to all persons, without an age restriction. In contrast, a violation of Section 6301(a)(1)(i) occurs only where the defendant is age 18 or older. Section 6301(a)(1)(i) thus includes a required element which Section 5903(c)(1) does not. Moreover, while Section 6301(a)(1)(i) broadly forbids any act which corrupts or tends to corrupt the morals of a minor, Section 5903(c)(1) more narrowly prohibits the dissemination of sexually explicit materials to a minor. In this way, Section 5903(c)(1) contains an element which does not appear in Section 6301(a)(1)(i). Under the plain language of Section 9765, merger is prohibited in this case because each offense includes an element the other does not. As such, Appellant is not entitled to relief on his second issue and, accordingly, we shall affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/19/2025