J-A28016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS BARRETT | : | |
| | : | |
| Appellant | : | No. 799 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 13, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003088-2019

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 21, 2021**

Appellant Curtis Barrett appeals from the judgment of sentence imposed following his jury trial convictions for burglary, robbery, two counts of aggravated assault, and related offenses.[1]  Appellant contends that the trial court imposed an illegal sentence by not merging the count of aggravated assault under Section 2702(a)(4) with aggravated assault under Section 2702(a)(1).  Appellant also claims that he is entitled to a new trial based on his trial counsel's ineffectiveness.  We affirm.

The trial court summarized the facts of this appeal as follows:

On June 3, 2019, at approximately 3:00 a.m., Helmut Theil ("Theil"), a 73-year-old man, was entering his apartment located at 201 South Fifth Street, Reading, Berks County, Pennsylvania.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1)(i), 3701(a)(1)(i), 2702(a)(1), 2702(a)(4), 3503(a)(1)(i), 3921(a), 2701(a)(1), and 2709(a)(1), respectively.

Notes of Testimony, Jury Trial, January 9, 2020, to January 10, 2020 ("N.T.") at 58, 91, 98. Shortly after Theil entered his apartment, [Appellant] entered Theil's apartment and demanded Theil's money, ATM/MAC card, cell phone and the numbers for his ATM/MAC card. N.T. at 58, 59, 61, 94, 139, 140. [Appellant] also physically assaulted Theil. N.T. at 60. [Appellant] struck Theil in the head and knee with a piece of lumber that resembled a table leg. N.T. at 63-64, 95. [Appellant] then covered Theil's head with a blanket and struck him with a hard, compact object that Theil was unable to see. N.T. at 64-66, 96. Theil was struck at least 15 to 20 times by [Appellant]. N.T. at 64. While Theil's head was covered with a blanket, [Appellant's] assault on Theil broke Theil's glasses, lacerated/punctured Theil's eye, and caused Theil's eye to fall out of its socket. N.T. at 65-66, 67, 68, 70-71, 81-82, 122-123. [Appellant] took Theil's cell phones (2), ATM/MAC card and money without Theil's consent. N.T. at 61-62, 92, 94, 95, 105, 215. Theil did not give [Appellant] permission to enter his apartment and told him to leave three or four times. N.T. at 63.

As a result of [Appellant's] actions, Theil is now blind in one eye. N.T. at 66, 74-75. Theil was at the Reading Hospital for three days as a result of [Appellant's] assault and underwent emergency surgery due to his injuries. N.T. at 67, 71-72, 85, 192. After [Appellant's] assault on Theil, Theil was unable to eat or sleep. N.T. at 74. Theil had difficulty walking and would constantly feel dizzy. N.T. at 74. He then continued his medical care with a V.A. doctor. N.T. at 74-75.

Trial Ct. Op., 9/8/20, at 2-3.

Appellant proceeded to a jury trial on January 6, 2020, and the jury found him guilty of the above-mentioned crimes on January 10, 2020. The trial court sentenced Appellant on January 13, 2020, to an aggregate term of twenty-five to sixty years' imprisonment.[2]

---

[2] Specifically, the trial court sentenced Appellant to the following terms of incarceration: Count 1 (burglary)—six to twenty years consecutive to Count 3; Count 2 (robbery)—ten to twenty years; Count 3 (aggravated assault (Section 2702(a)(1))—nine to twenty years consecutive to Count 2; and Count
*(Footnote Continued Next Page)*

Kathleen D. Dautrich, Esq. (trial counsel) represented Appellant from the pretrial proceedings through sentencing. Trial counsel also timely filed post-sentence motions, which the trial court denied, a timely notice of appeal, and a Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion.

On December 9, 2020, this Court dismissed the appeal based on trial counsel's failure to file a brief. On December 21, 2020, our Court reinstated the appeal. After trial counsel again failed to file a brief, this Court remanded the matter to the trial court for the appointment of substitute counsel.

On May 3, 2021, the trial court appointed Douglas J. Waltman, Esq. (present counsel), to represent Appellant. Present counsel filed an appellate brief that abandoned the issues raised in trial counsel's Rule 1925(b) statement and raised two new claims concerning the legality of the trial court's sentence and the ineffectiveness assistance of trial counsel.[3]

Specifically, Appellant presents the following issues in his brief:

_____

4 (aggravated assault (Section 2702(a)(4))—five to ten years consecutive to Count 2 but concurrent with Count 3. The trial court merged the remaining counts.

[3] The trial court's Rule 1925(a) opinion addressed the issues that trial counsel raised in her Rule 1925(b) statement. The trial court did not address the two new claims that present counsel raised in this appeal. We note the Commonwealth's argument that Appellant's failure to preserve his appellate issues in a Rule 1925(b) statement requires a finding of waiver. Commonwealth's Brief at 7; **see** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011). We will discuss below the Commonwealth's waiver arguments with respect to each of Appellant's issues.

1. Whether it was illegal to sentence Appellant on Count 4, aggravated assault, 18 Pa.C.S. §2702(a)(4), when Count 4 is a lesser included offense of Count 3, aggravated assault, 18 Pa.C.S. §2702(a)(1) under the cognate-pleading approach?

2. Whether trial counsel's performance, on the face of the record, is so deficient as to warrant a remand for new trial?

Appellant's Brief at 9 (formatting altered).

Appellant first claims that the separate sentences for aggravated assault under Section 2702(a)(1) and (a)(4) are illegal. Appellant argues that "[a] simplistic and mechanical application of the statutory elements approach to this case permits Appellant to be sentenced twice for the same conduct." *Id.* at 33. Appellant contends that the trial court should have used an "evidentiary" or "cognate pleading" approach to determine whether two subsections of the same criminal statute merge for sentencing.[4] *Id.* at 30-

---

[4] By way of background, our Supreme Court summarized the three approaches to determine what constitutes a lesser included offense as follows:

> The statutory-elements approach began at common law and is used in the federal courts and in various state courts. Under this approach, the trial court is required to identify the elements of both the greater charge and the lesser charge and determine whether it is possible to commit the greater offense without committing the lesser offense. If it is not possible, then the lesser offense is considered a lesser-included offense of the greater crime.

> Pursuant to the cognate-pleading approach, there is no requirement that the greater offense encompass all of the elements of the lesser offense. Rather, it is sufficient that the two offenses have certain elements in common. The focus of this approach is on the pleadings as the trial court must determine whether the allegations in the pleadings charging the greater

*(Footnote Continued Next Page)*

struck Theil repeatedly with objects resulting in permanent vision loss. *Id.* at 33. Appellant continues, "Because the same underlying conduct establishes the elements of both [Section 2702(a)(1) and (a)(4)], the lesser [Section] 2702(a)(4) is a lesser-included offense even though the two offenses have distinct elements." *Id.*

The Commonwealth asserts that Appellant's merger argument lacks merit pursuant to 42 Pa.C.S. § 9765 and this Court's decision in *Commonwealth v. Rhoades*, 8 A.3d 912 (Pa. Super. 2010). Commonwealth's Brief at 8-9. The Commonwealth also argues that the trial court properly imposed separate sentences for aggravated assault because Appellant committed separate assaults, one with table leg, the other with the unidentified hard object. *Id.* at 9-11.

_____

offense include allegations of all of the elements of the lesser offense. If so, the lesser charge is considered a lesser-included offense of the greater charge. As this approach centers on the pleadings of the case, notice and due process violations are not generally grave concerns.

Finally, the evidentiary approach looks to the actual evidence established at trial to assess the relationship between the greater and lesser charges. The lesser offense may have elements that are distinct from the greater offense and still be considered a lesser-included offense, as long as the evidence presented at trial to prove the greater offense actually establishes the elements of the lesser offense. Generally, courts adopting this approach require that the same underlying conduct establish the elements of both offenses.

*Commonwealth v. Sims*, 919 A.2d 931, 938 (Pa. 2007) (citations omitted).

Whether a defendant's convictions merge for sentencing purposes is a question implicating the legality of sentence. ***Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012). "[A] challenge to the legality of the sentence can never be waived . . . ." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).[5] Further, our standard of review is *de novo*, and the scope of our review is plenary. ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

Section 9765 provides, in part, as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

"The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Baldwin***, 985 A.2d at 833. "If the offenses stem from two different criminal acts, merger analysis is not required." ***Commonwealth v. Healey***, 836 A.2d 156, 157-58 (Pa. Super. 2003) (citation omitted).

---

[5] To the extent the Commonwealth claims that Appellant waived his challenge to the legality of his sentence for failing to include it in his Rule 1925(b) statement, the Commonwealth's claim is meritless; therefore, we decline to find waiver. ***See Wolfe***, 106 A.3d at 801; ***Quintua***, 56 A.3d at 400.

The aggravated assault statute provides, in part:

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

\* \* \*

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

18 Pa.C.S. § 2702(a)(1), (4).

In **Rhoades**, this Court rejected the appellant's argument that his sentences for aggravated assault under Section 2702(a)(1) and (4) merged. **Rhoades**, 8 A.3d at 918. The **Rhoades** Court reasoned that the offenses under Sections 2702(a)(1) and (4) "did **not** share identical statutory elements" because Section 2702(a)(4) required proof that the appellant used a deadly weapon, while Section 2702(a)(1) required proof that the appellant caused or attempted to cause serious bodily injury regardless of the "mode of causing such an injury." **Id.** (citation omitted) (emphasis in original).

Based on the foregoing, we agree with the Commonwealth that Appellant's merger argument merits no relief. Section 9765 requires this Court to consider the elements of the offenses if merger applies. **See** 42 Pa.C.S. § 9765; **Baldwin**, 985 A.2d at 833. This Court's decisional law holds that the elements of Section 2702(a)(1) and (4) do not warrant merger, and we are bound by that precedent. **See Rhoades**, 8 A.3d at 918; **see also**

- 7 -

***Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) (noting that "[t]his Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court" (citations omitted)). Accordingly, we discern no error in the trial court's decision to separately sentence Appellant on the two counts of aggravated assault. ***See Baldwin***, 985 A.2d at 833; ***Rhoades***, 8 A.3d at 918.

Appellant next contends that trial counsel's ineffectiveness merits a new trial. Appellant recognizes the general rule favoring the deferral of ineffective assistance of counsel claims to a post-conviction collateral review. Appellant's Brief at 27. However, Appellant asserts that "trial counsel's ineffectiveness screams off the pages of the record in this matter." ***Id.*** at 27 (formatting altered). Appellant raises numerous arguments concerning trial counsel's performance in areas including trial counsel's trial preparation, advice about a plea offer, and objections at jury selection, trial, closing arguments, and sentencing. ***Id.*** at 35-46. Appellant claims that "trial counsel did much wrong and nothing well." ***Id.*** at 46 (formatting altered).

The Commonwealth answers that Appellant did not preserve his ineffectiveness claims for review in a direct appeal. Commonwealth's Brief at 13. The Commonwealth concludes that "[a]s a result, this Court should . . . dismiss this claim in favor of a later [Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546,] petition." ***Id.***

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 576-80 (Pa. 2013). Instead, such claims are to be deferred to PCRA review. *Id.* However, our Supreme Court has recognized three exceptions to the general rule. In *Holmes*, the Supreme Court held that a trial court has discretion to address ineffectiveness claims on direct review in cases where (1) there are extraordinary circumstances in which trial counsel's ineffectiveness is apparent from the record and "meritorious to the extent that immediate consideration best serves the interests of justice[;]" or (2) "there is good cause shown" and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence. *Holmes*, 79 A.3d at 563-64. The third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Here, Appellant did not present his ineffective claims to the trial court, nor did he waive his right to PCRA review. *See Holmes*, 79 A.3d at 564. Further, Appellant's failure to raise his ineffectiveness claims in a Rule 1925(b) statement results in waiver pursuant to Rule 1925(b)(4)(vii). *See* Pa.R.A.P. 1925(b)(4)(vii); *Hansley*, 24 A.3d at 415. Therefore, Appellant did not preserve his claims for review.

In any event, the record does not indicate that extraordinary circumstances exist. *See Holmes*, 79 A.3d at 563-64. Further, Appellant is

not statutorily barred from seeking PCRA relief. ***See Delgros***, 183 A.3d at 361. Because none of the exceptions apply, we conclude that Appellant's ineffectiveness claims cannot be considered on direct appeal and dismiss them without prejudice to Appellant's right to raise them in a timely PCRA proceeding.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2021</u>